'NEILL, Appellant, v. NEW YORK PRESS ., Limited, Respondent. (Supreme Court, pellate Division, Second Department. May 1898.) Action by William Lane O'Neill inst the New York Press Company, Limited. opinion. Order of the special term reversed, n condition that within 10 days from this e the appellant pay the respondent the sum $10 costs and disbursements of this appeal, l notices the cause for trial at the June term, l file proper note of issue with the clerk of court; and upon failure to comply with any the conditions aforesaid, within the time resaid, the order appealed from is affirmed, th $10 costs and disbursements.

O'NEILL, Appellant, v. NEW YORK PRESS ., Limited, Respondent. (Supreme Court, pellate Division, Second Department. April , 1898.) Action by William Lane O'Neill ainst the New York Press Company, Limd. No opinion. Ordered on nonenumerated lendar for Monday, May 2d, on condition that pellant file and serve printed copies of the mmons and pleadings herein on or before Fri-y. If this condition is not complied with, the spondent may move to dismiss appeal on May .

O'NEILL, Plaintiff, v. NEW YORK PRESS O., Limited, Defendant. (Supreme Court, Appllate Division, Second Department. May 3, 98.) Action by William Lane O'Neill against e New York Press Company, Limited. PER CURIAM. We are of opinion that our rection made on the former application to disiss appeal was erroneous; that the papers inted by the appellant were all that, under the citals in the order, it was requisite for him to int. Motion denied. Order hitherto made vated, and hearing of appeal set down peremprily for Thursday next.

OPPENHEIMER v. MANHATTAN RY. CO. Supreme Court, Appellate Division, First Department. May 6, 1898.) Action by Solomon ppenheimer against the Manhattan Railway ompany. No opinion. Motion granted upon iving the security heretofore required in similar ases. See 51 N. Y. Supp. 1147.

OSTRUM, Respondent, v. GREENE, Appelant. (Supreme Court, Appellate Division, Third Department. May 10, 1898.) Action by Jennie M. Ostrum, as president, etc., against Jennie Lee Greene, as executrix. No opinion. udgment affirmed, with costs. All concur, except LANDON, J., dissenting. See 45 N. Y. upp. 852.

PEABODY, Appellant, v. BERTRAND, Repondent. (Supreme Court, Appellate Division, econd Department. May 24, 1898.) Action by Rushton Peabody against John C. Bertrand. No opinion. Order affirmed, without costs.

PEAKE, Respondent, v. SALMON, Appellant. Supreme Court, Appellate Division, Third Department. May 10, 1898.) Action by Asa B. Peake against Nell W. Salmon. No opinion. Order affirmed, with $10 costs and disbursements.

PEOPLE v. FAMILY FUND SOC. In re OLIVER. (Supreme Court, Appellate Division, First Department. June 28, 1898.) Action by the people of the state of New York against the Family Fund Society, and in the matter of the petition of Francis V. S. Oliver, receiver. Raphael J. Moses, for appellant. Ernest Hall, for respondent.

INGRAHAM, J. This motion was made on notice to the attorney general, and to Raphael J. Moses, attorney for Shorb and others, appellants, and was opposed by counsel appearing for Mr. Moses. The accounts of the receiver seem to have been passed by the court without the usual reference; and, as the approval of the accounts may possibly estop these appellants from questioning the payments made by the receiver to the creditors of the corporation, we think these accounts should not have been approved. As to the payment of the $1,000 to the attorney for the receiver, we think the court was authorized to direct that payment on account of his services rendered to the receiver. The order should therefore be modified by striking out the provision approving the accounts, and, as modified, affirmed, without costs. All concur.

PEOPLE v. FAMILY FUND SOC. In re WRIGHT et al. (Supreme Court, Appellate Division, First Department. June 28, 1898.) Action by the people of the state of New York against the Family Fund Society, and in the matter of the petition of James Wright and others, living members. Raphael J. Moses, for appellant. Ernest Hall, for respondent.

INGRAHAM, J. In this action, brought to dissolve the corporation known as the "Family Fund Society," a receiver was duly appointed. Subsequently, the receiver, under an order of the court, paid out to certain creditors of the corporation certain funds in his hands; and this petition asks that an order, a copy of which is annexed to the petition, should be entered, and for such other relief as may be just. The principal object sought to be attained by this motion was to have the various petitioners whose names are annexed to the petition, upward of 250 people, made parties to this proceeding, to vacate various orders approving the accounts of the receiver, to vacate an order entered on October 28, 1893, and directing the transfer of $25,000 to the receiver. The motion was denied, except so far as to require the receiver to file a new bond; and we think the order should be affirmed. All the relief that the appellants are entitled to can be obtained on the final accounting of the receiver; and it seems to be unnecessary to expose this estate to the expense of such a proceeding as is here sought to be instituted. If these appellants have any interest in this fund or in the property in the hands of the receiver, they can apply to the court to compel the receiver to file his final accounts; and upon that accounting the question as to the responsibility of the receiver for the funds which have come into his hands, and as to the disposition to be made of such funds, can be ascertained and determined. This proceeding is entirely unnecessary, and would simply expose what is left in the hands of the receiver to large